UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                           Plaintiff,<br><br>v.<br><br>EUGENE PATTERSON<br><br>                          Defendant. | Case No.: **3:18CR04474-002-JAH**<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

## I. INTRODUCTION

Pending before the Court is Defendant Eugene Patterson's ("Defendant" or "Mr. Patterson") motion to reduce his sentence of imprisonment on the basis of his age, incapacitation of his mother, and the risk posed to Defendant by the coronavirus disease ("COVID-19") in light of his medical conditions. (ECF No. 73 at 1). Defendant seeks compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A). *Id.* The United States of America ("Government") opposes the motion. (ECF No. 81). Having carefully considered the motion, exhibits, and responses, and for the reasons set forth below, Defendant's motion is **DENIED.**

## II. PROCEDURAL BACKGROUND

On April 23, 2019, Defendant knowingly and voluntarily entered into a plea agreement with the Government. (ECF No. 41). On July 3, 2019, Defendant was convicted of Conspiracy to Distribute 500 grams and more of Methamphetamine, and this Court sentenced him to 100 months of imprisonment. (ECF No. 44 at 1). Defendant has served approximately 44 months of that sentence beginning on June 24, 2019. (*Id.*).

On March 22, 2022, Defendant filed the instant motion seeking compassionate release under 18 U.S.C. §3582(c)(1)(A) based on his age and underlying medical conditions which place him at significant risk of contracting COVID-19, and also so that he may care for his elderly parents. (ECF No. 73).

On May 26, 2022, the Government filed a response in opposition to Defendant's motion. (ECF No. 81). The Government argues Defendant possesses adequate and consistent access to professional health care within the Bureau of Prisons ("BOP") to sufficiently monitor his underlying medical conditions. (*Id.* at 17). The Government also notes Defendant is fully vaccinated against COVID-19, "having received two doses of the Moderna *and* a booster shot." (*Id.* at 1). The Government further argues the "18 U.S.C. § 3553(a) factors counsel against release because given the nature of Defendant's criminal conviction and his lengthy criminal record, a reduced sentence will not reflect

the seriousness of the offense nor deter Defendant and others from engaging in similar conduct in the future." (*Id.*).

### III.  FACTUAL BACKGROUND

In approximately January 2018, the Federal Bureau of Investigation ("FBI") began investigating the drug trafficking activities of Defendant and a Mr. Rudy Cosby. (ECF No. 44 at 3). On March 2, 2018, Defendant supplied Mr. Cosby with 453.6 grams of methamphetamine which was sold to a confidential source ("CS") for $800. (*Id.* at 4). On April 11, 2018, the CS purchased 226.8 grams of methamphetamine-mixture from Defendant for $1,500. (*Id.* at 5). On May 10, 2018, the CS purchased 224.7 grams of methamphetamine-actual for $1,500 from Defendant. (*Id.*). On June 21, 2018, the CS purchased 445.3 grams of methamphetamine-mixture from Defendant for $2,900. (*Id.*).

On October 16, 2018, an arrest warrant was issued for both, Mr. Cosby and Defendant. (*Id.*). On January 10, 2019, Defendant was taken into federal custody while serving a state custodial sentence. (*Id.* at 6).

### IV.  LEGAL STANDARD

"A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *United States v. Villarreal*, No. 8-CR-1332-JAH-1, 2022 WL 874965, at *2 (S.D. Cal. Mar. 24, 2022) (quoting *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003)). Defendant seeks to reduce his sentence under the compassionate release provision of 18 U.S.C. §3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). "The amendment to §3582(c)(1)(A) provides prisoners with two direct routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the defendant's facility, 'whichever is earlier.'" *Id.*

Upon Defendant's exhaustion of his administrative remedies, "[a] district court may reduce a previously imposed sentence and grant compassionate release if 'extraordinary

and compelling reasons warrant such a reduction,' so long as (1) such release is consistent with applicable policy statements of the U.S. Sentencing Commission, (2) the defendant is not a danger to any person or to the community, and (3) the release is consistent with the factors in 18 U.S.C. § 3553(a). § 3582(c)(1)(A)." *United States v. Rodriguez*, 476 F. Supp. 3d 1071, 1073 (S.D. Cal. 2020).

The Ninth Circuit has held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). However, "USSG § 1B1.13 is helpful guidance to the Court when exercising its discretion." *United States v. Avila*, No. CR18-5205 BHS, 2022 WL 3346351, at *2 (W.D. Wash. Aug. 12, 2022).

Accordingly, "the defendant bears the burden to establish that he or she is eligible for a sentence reduction." *United States v. Rupak*, No. 16-CR-01333-BAS-1, 2022 WL 65171, at *3 (S.D. Cal. Jan. 6, 2022) (citing *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020)).

## V. DISCUSSION

"In analyzing whether Defendant is entitled to compassionate release under 18 U.S.C. §3582(c)(1)(A), the Court will determine whether the following three requirements are satisfied. First, Defendant must show he has exhausted administrative remedies. Second, Defendant must demonstrate that 'extraordinary and compelling' reasons 'warrant… a reduction.' 18 U.S.C. §3582(c)(1)(A)(i). Third, Defendant must establish that the 18 U.S.C. §3553 (a) sentencing factors 'are consistent with' granting a motion for compassionate release." *Villarreal*, 2022 WL 874965, at *2 (quoting *United States v. Trent*, 2020 WL 11812242, at *2 (N.D. Cal. 2020)).

### A. Exhaustion Of Administrative Remedies

A court may reduce a term of imprisonment on a motion from a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days

from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See* 18 U.S.C. §3582(c)(1)(A).

On September 30, 2021, Defendant submitted a request for compassionate release with the Warden at Victorville Medium I FCI. (ECF No. 73 at 8). That request was not answered by the Warden and at the time of filing, six months had lapsed since Defendant's request. (*Id.*). Accordingly, this Court reviews Defendant's motion on the merits. *See* 18 U.S.C. §3582(c)(1)(A).

### B. Defendant Has Failed To Carry His Burden To Demonstrate Extraordinary And Compelling Reasons Warranting Reduction

A court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582 (c)(1)(A).  Though the Sentencing Commission's original policy statements are not binding, they are informative and provide illustrative examples of extraordinary and compelling reasons, such as a "serious physical or medical condition", "serious functional or cognitive impairment", or "deteriorating physical or mental health because of the aging process", any of which should "substantially diminis[h] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Rupak*, 2022 WL 65171 at *3 (citation omitted).  Courts "have routinely denied [motions for compassionate release] absent truly exceptional circumstances", *id.*, and the mere "fact that a defendant is in poor physical health or has chronic health conditions may be insufficient to show extraordinary and compelling reasons for release." *Id*. (citing *United States v. Saccoccia*, 10 F.4th 1, 5 (1st Cir. 2021); *United States v. DeMille*, 465 F. Supp. 3d 1144, 1149 (D. Or. 2020)).

Defendant primarily argues that (1) his age and underlying medical conditions, place him at risk of contracting COVID-19, and (2) the incapacitation of his mother serves as "extraordinary and compelling" grounds warranting reduction.  (ECF No. 73 at 1).

Defendant contends that both reasons constitute "extraordinary and compelling" grounds warranting reduction.

**1. Defendant Fails To Meet The High Bar Of Demonstrating That He Has Extraordinary And Compelling Circumstances Warranting Reduction Because He Is Vaccinated And His Conditions Do Not Sufficiently Diminish His Ability To Provide Self-Care In Prison.**

A defendant must demonstrate that they are "suffering from a serious physical . . . condition . . . that substantially diminishes [their] ability . . . to provide self-care" and "from which . . . [they are] not expected to recover" from. *See* U.S.S.G. § 1B1.13, cmt. n.1 (A)(ii). Defendant first argues that he faces a heightened risk of severe symptoms and death from COVID-19 because of his enlarged prostrate, hypertension, diabetes, hernia, chronic illness from back and knees, arthritis, heart murmur, and age. (ECF No. 73 at 3). Defendant claims that these conditions in concert with the potential contraction of COVID-19 constitute an extraordinary and compelling reason warranting a reduction. (*Id.*). The Court addresses each condition in turn.

      i.  <u>Defendant's Hypertension Alone Does Not Qualify As An Extraordinary And Compelling Circumstance</u>

In arguing that his hypertension supports his request for relief, Defendant cites to a Harvard study that patients with preexisting cardiovascular disease are more likely to die from COVID-19 infections than healthy individuals. (ECF No. 73 at 3) (citing Dora Lewis, *How does cardiovascular disease increase the risk of severe illness and death from COVID-19?*, Harvard Health (last visited September 29, 2022), www.health.harvard.edu/blog/how-does-cardiovascular-disease-increase-the-risk-of-severe-illness-and-death-from-covid-19-2020040219401).

Courts "have recognized a distinction between hypertension and pulmonary hypertension, with the latter being a medical condition specific to the lungs." *United States v. Acuna Gonzales*, No. 17CR2970-H, 2020 WL 4732057, at *4 (S.D. Cal. 2020) (citations omitted). Ordinary hypertension, unlike pulmonary hypertension, is not generally recognized as a basis for compassionate release in this district. *See, e.g., id*;

*United States v. Ocon,* No. 13CR2530-JAH, 2020 WL 5106667 at *3 (S.D. Cal. 2020) (denying compassionate release motion from a 50-year old inmate with hypertension and other medical conditions); *United States v. Vignoni,* No. 18CR1352 (S.D. Cal. 2021) (similar). "The CDC does not list people with hypertension as those who might be at a higher risk from serious illness from COVID-19[,] . . . [rather those] with pulmonary hypertension may be at a higher risk." *United States v. Jeffers*, No. CR13-3033-LTS, 2020 WL 3100842, at *6 (N.D. Iowa, 2020).

Here, Defendant does not claim he suffers from pulmonary hypertension, and the record reflects Defendant suffers from ordinary hypertension. (ECF No. 73 at 30). Indeed, the record also demonstrates that Defendant is receiving care and medication for his hypertension at Victorville Medium I FCI. (ECF No. 73 at 31). Without more, Defendant fails to establish that he is unable to provide self-care in custody.

> ii. Defendant's Heart Murmur Alone Does Not Qualify As An Extraordinary And Compelling Circumstance

Defendant also argues that his heart murmur is an extraordinary and compelling circumstance warranting release. (ECF No. 73 at 3). However, courts have rejected heart murmurs as a basis for early release. *See, e.g., United States v. Rubalcava*, No. 1:13-CR-00077-NONE 2020 WL 5412013 (E.D. Cal. Sept. 9, 2020) (denying defendant compassionate release because condition had not "become worse or more severe since time of sentencing."); *United States v. Holt*, No. 3:18-CR-00297-MO, 2021 WL 496774 (D. Or. Feb. 10, 2021) (denying compassionate release for a defendant with obesity and a heart murmur); *United States v. Slaughter*, No. CR18-5214RBL, 2020 WL 3488426, at *4 (W.D. Wash. June 26, 2020) (noting a heart murmur did not necessarily "constitute the type of serious heart conditions that the Centers for Disease Control and Prevention (CDC) have identified as creating a heightened risk of serious complications if COVID-19 is contracted."). Further, "the U.S. Centers for Disease Control and Prevention . . . has apparently not identified heart murmurs as a category of health conditions placing individuals at risk for contracting a severe illness from COVID-19." *Id.* at *5 (citing

*Coronavirus Disease 2019 (COVID-19): People Who Are at Increased Risk for Severe Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html)[1]."

Here, Defendant has not presented any other preexisting cardiovascular disease which may place him at risk of contracting severe illness from COVID-19 or death. Further, Defendant has not alleged that he is not receiving appropriate care at Victorville Medium I. Therefore, Defendant fails to establish that he is unable to provide self-care in custody, and ultimately, that his condition rises to the level of an extraordinary and compelling circumstance.

      iii.  <u>Defendant's Diabetes Alone Does Not Qualify As An Extraordinary And Compelling Circumstance</u>

"Although Type 2 diabetes is recognized as a COVID-19 risk factor, 'courts have routinely concluded that chronic conditions that can be managed in prison—such as Type 2 diabetes—are not a sufficient basis for compassionate release.'" *United States v. Larios-Ornelas*, No. 3:16-CR-00158-BTM, 2021 WL 4975425, at *2 (S.D. Cal. Oct. 25, 2021) (quoting *United States v. Rodriguez-Olmos*, 19-CR-2033 W-CR-2033 W, (S.D. Cal. Mar. 24, 2021)). Here, according to the record, Defendant is receiving treatment for his diabetes at Victorville Medium I, and his medical record suggests that the BOP is managing Defendant's diabetes. (ECF No. 73 at 31). Moreover, the BOP has provided Defendant with medication to control his diabetes and this fact alone cuts against a finding of "extraordinary and compelling." *See, e.g., United States v. Ayon- Nunez*, 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020) ("Chronic conditions that can be managed

---

[1] The Court takes judicial notice of this information. *See, e.g., Dubrin v. Cty. of San Bernardino*, No. 15-589, 2017 WL 8940181, at *21 n.14 (C.D. Cal. Sept. 7, 2017), *report and recommendation adopted*, 2017 WL 4339645 (C.D. Cal. Sept. 29, 2017) ("The Court may take judicial notice of the CDC information which is not subject to reasonable dispute, in part, because it is readily determined from a source the accuracy of which cannot reasonably be questioned (i.e., the CDC website).").

in prison are not a sufficient basis for compassionate release."). Consequently, Defendant fails to establish that he is unable to provide self-care in custody.

> iv. Defendant's Chronic Health Conditions Do Not Rise To The Level Of Extraordinary And Compelling Circumstances Because They Are Managed By The BOP And Because Defendant Is Vaccinated

Defendant also argues that his medical conditions taken together with his age make it more likely that he will suffer serious consequences if he were to contract COVID-19. (ECF No. 73 at 3). As stated, "chronic conditions . . . that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Pomo*, No. 17CR4360-WQH (S.D. Cal. December 14, 2020) (Dkt. 62); *United States v. Hayden*, No. 11CR393, 2020 WL 4674108 at *2 (D. Oregon August 11, 2020) (rejecting a motion for compassionate release because BOP was managing Defendant's chronic health conditions); *United States v. Ballenger*, No. CR16-5535, 2020 WL 3488157 at *5 (W.D. Wash. June 26, 2020) (same); *United States v. Luck*, No. 12CR888, 2020 WL 3050762 at *2 (N.D. Cal. June 8, 2020) (same). Here, Defendant has received continuous care for all his health conditions while in custody. (ECF No. 73 at 30-7). As the Government notes, Defendant has received medication to treat his hypertension and diabetes, including a Glucose meter, lancets, and test strips, and Defendant does not point to any specific failures in BOP's handling of his medical treatment. (ECF No. 81 at 17). Additionally, "[h]ealth conditions are not uncommon among people in their sixties, but not every complex of health concerns is sufficient to warrant compassionate release. This remains true even in the midst of the COVID-19 pandemic." *United States v. Saccoccia*, 10 F.4th 1, 5 (1st Cir. 2021).

Separately, the BOP has also provided Defendant with three doses of the COVID-19 vaccine. (ECF No. 81 at 17). Defendant's vaccination status cuts significantly against a finding of extraordinary and compelling circumstance, as "vaccination significantly mitigates the risk that [a person] will contract COVID-19, much less become seriously ill." *United States v. Del Rosario Martinez*, 524 F. Supp.3d 1062, 1066 (S.D. Cal. 2021). *See, e.g., United States v. Sakuma*, No. CR 12-00055 JMS, 2021 WL 1536571, at *3 (D.

Haw. Apr. 19, 2021) (finding that because "[c]urrently authorized vaccines in the United States are highly effective at protecting vaccinated people against symptomatic and severe COVID-19 . . . Defendant's claim that he may contract COVID-19 is speculative"); *United States v. Eberhard*, 2020 WL 1450745, at *2 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

Finally, Defendant does not expound any of his conditions in his initial motion, except for suggesting that patients with preexisting cardiovascular disease are more likely to die from infection than healthy individuals. As the Court previously discussed, Defendant's hypertension and heart murmur do not rise to the level of an extraordinary and compelling circumstance warranting reduction.

It is Defendant's burden to demonstrate an "extraordinary and compelling" basis for reduction, *Ngo*, 2022 WL 207704, at *2 (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)), and Defendant has failed to make a showing that his medical conditions and age, combined with the level of treatment he is currently receiving, qualify as "extraordinary or compelling" reasons for release under 18 U.S.C. 3582(c)(1)(a) given that Defendant is fully vaccinated.

**2. Defendant Fails To Establish That He Is The Primary Caregiver For His Elderly Mother**

Defendant next argues that because his mother is incapacitated, his need to move to New York to take care of her constitutes an extraordinary and compelling circumstance. (ECF No. 73 at 1). "This argument relates to the 'family circumstances' prong of the policy statement . . . [which] provides that the 'death or incapacitation of the caregiver of the defendant's minor children' or the 'incapacitation of the defendant's spouse or registered partner when the defendant would be [that person's] only available caregiver' constitute extraordinary and compelling circumstances for purposes of compassionate release." *United States v. Menchaca*, No. 12-CR-00454-PJH-1, 2021 WL

10

3:18CR04474-002-JAH

3271315, at *2 (N.D. Cal. July 30, 2021) (quoting U.S.S.G. § 1B1.13, cmt. n.1(C)). Although "the incapacitation of a parent is not among the family circumstances identified in the policy statement[,]. . . because the policy statement is no longer binding, the court will not automatically reject defendant's argument that the incapacitation of his . . . [parent] constitutes extraordinary and compelling family circumstances warranting compassionate release." *Id* at 3.

To the extent that courts have granted motions for compassionate release based on caregiver status, they have generally only done so where the caregiver is the "only available caregiver." *Id.* Defendant has failed to make "a robust evidentiary showing that [D]efendant is the only available caregiver." *United States v. Bragg*, 2021 WL 662269, at *2 (S.D. Cal. Feb. 19, 2021) (citing *United States v. Richardson*, 2020 WL 2200853 at *2 (E.D.N.C. May 6, 2020)); *United States v. Cruz-Rivera*, 2020 WL 5993352, at *5 (E.D.P.A. October 9, 2020)). Defendant has multiple siblings who may or may not be able to take care of their mother, (ECF No. 73 at 28-9), which precludes the Court from granting early release because Defendant does not constitute the "only available caregiver." *Bragg*, 2021 WL 5993352, at *5.

While the Court is sympathetic to Defendant's situation, he has not met his burden to establish extraordinary and compelling reasons warranting compassionate release.

C. **Reduction Is Inconsistent With The Section 3553(a) Factors**

Even if Defendant's motion was supported by a showing of extraordinary and compelling reasons for compassionate release, and it is not, Defendant must persuade the Court that a reduction in sentence would be consistent with consideration of the sentencing factors set forth in 18 U.S.C. §3553(a). *See* 18 U.S.C. §3582(c)(1)(A). Those factors include, among others, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant and to provide the defendant with needed medical care in

the most effective manner; and the need to avoid unwarranted sentence disparities among defendants who have been found guilty of similar conduct. *See* 18 U.S.C. §3553(a).

Defendant provides exhibits of the multitude of rehabilitation certificates that he has been awarded. (ECF No. 73 at 12-25). The Court commends Defendant's commitment to rehabilitation and believes this is a critical aspect of his reentry into society. Still, the Court finds that the balance of the §3553(a) factors counsel against granting Defendant's request. The Court notes that Defendant has been convicted of serious offenses and at the time of sentencing, Defendant had 20 criminal history points and was under supervision when he committed the offense. (ECF No. 81).

Importantly, Defendant has served less than half of his 100-month sentence. Moreover, as the Government notes, Defendant received a sentence that was 51 months below the low end of the sentencing guidelines. (*Id.*). A further reduction in his sentence "would not promote respect for the law and would not act as a deterrent." *United States v. Lathum*, No. 17CR2861(3), 2021 WL 5989930, at *2 (S.D. Cal. Dec. 17, 2021). As a result, the Court finds that the balance of factors under §3553 do not weigh in favor of a reduction in sentence.

Defendant also mentions in his motion for the Court to consider factors related to public safety and deterrence. (ECF No. 73 at 7). Defendant contends that because his underlying offense was a nonviolent drug crime, he is not a danger to the community. (*Id.*) However, as mentioned above, the nature and circumstances of the offense do not support compassionate release. Defendant not only facilitated drug transactions, but also made independent sales to a CS. Defendant's active proliferation of methamphetamines on multiple occasions warrants the 100-month sentence that the Court imposed. Further, granting a reduced sentence would not deter other career offenders from committing similar offenses.

Finally, the Court also considers "the need for the sentence imposed . . . to provide the defendant . . . medical care . . . in the most effective manner." 18 U.S.C. §3553(a)(2)(D). Defendant's medical records demonstrate that he continues to receive

care for his medical conditions and Defendant has not made a contrary showing. Hence, the Court finds that the need to provide effective medical care under §3553(a)(2)(D) does not weigh in favor of a reduction in sentence.

Generally, while courts assess a defendant's danger to the community, because Defendant has failed to establish extraordinary and compelling reasons for compassionate release, the Court declines to consider dangerousness here.

## VI. CONCLUSION

For the reasons set forth above, Defendant's motion for reduction of sentence pursuant to the compassionate release provision of §3582 (c)(1)(A) is **DENIED**.

IT IS SO ORDERED.

DATED:   November 9, 2022

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE